IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>       Plaintiffs,<br><br>  vs.<br><br>LAURYN GALINDO,<br><br>       Defendant. | CIVIL 16-00450 LEK-RLP |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Lauyrn Galindo's ("Defendant") Motion for Summary Judgment ("Motion"), filed on October 11, 2017. [Dkt. no. 33.] Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively, "Plaintiffs") filed their memorandum in opposition on December 13, 2017, and Defendant filed her reply on

December 20, 2017.  [Dkt. nos. 66, 68.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendant's Motion is hereby denied because the terms of the settlement agreement do not provide that Defendant is released from any claims.

**BACKGROUND**

Plaintiffs filed their Complaint on August 10, 2016, and assert diversity jurisdiction.  [Dkt. no. 1 at ¶ 5.] According to Plaintiffs, on October 19, 2012, a California state court ordered Daniel Susott ("D. Susott") removed as a trustee from two family trusts and to reimburse the trusts $1,500,917 for funds he had wrongfully withdrawn when he was trustee.  [Id., Exh. 1 at 4.[1]]  Plaintiffs allege D. Susott conveyed certain real property in Princeville, Hawai`i ("Property") to Defendant for no consideration to prevent Plaintiffs from recovering the Property to satisfy the California Court Order.  [Complaint at ¶¶ 8, 15-18.]  In their Complaint, Plaintiffs assert three claims against

---

[1] Pages 2-5 of Exhibit 1 are an order filed on November 13, 2012, in a California Superior Court case involving the same trusts in this case ("California Court Order").  The California Court Order was filed in the State of Hawai`i Bureau of Conveyances on November 17, 2014.  [Complaint Exh. 1 at 1.]  All citations to Exhibit 1 refers to the page numbers assigned by this district court's electronic filing system.

2

Defendant: Fraudulent Conveyance ("Count I"), Unjust Enrichment ("Count II"), and Constructive Trust ("Count III").

Defendant seeks summary judgment on all claims because she contends Plaintiffs have released their claims. In support, she points to a settlement agreement between Plaintiffs and D. Susott, under California law, executed on August 1, 2016 ("Settlement Agreement"). [Def.'s Concise Statement of Facts for Her Motion for Summary Judgment ("Def.'s CSOF"), filed 10/11/17 (dkt. no. 34), Decl. of Wayson W. S. Wong ("Wong Decl."), Exh. 1 (Settlement Agreement) at ¶ 12.] Defendant argues that the Settlement Agreement's release of D. Susott also acts to release her under the common law release rule.

## DISCUSSION

### I. Compliance with Local Rules

Before addressing the merits of the instant Motion, the Court notes Defendant has failed to provide a concise statement. Local Rule 56.1(a) requires the party filing a motion for summary judgment to file "a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the court's determination of the summary judgment motion." This Court is therefore not obligated to consider the materials Defendant filed in support of the Motion. See Local Rule LR56.1(f) (court has "no independent duty to search and consider

3

any part of the court record not otherwise referenced in the separate concise statements of the parties").

In the interest of justice, this Court exercises its discretion and has considered the supporting materials, despite Defendant's failure to comply with Local Rule 56.1.  See Cty. of Kaua`i v. Girald, CIVIL 15-00204 LEK-BMK, 2015 WL 5884859, at *3 (D. Hawai`i Oct. 6, 2015) (exercising discretion to consider movant's supporting materials notwithstanding failure to file a concise statement of facts).  However, it does not condone Defendant's failure to follow the applicable rules.  The Court previously cautioned Defendant that failure to follow the applicable rules in the future may result in sanctions and does so again.  [Court Order Regarding Compliance with Local Rule 56.1, filed 1/11/18 (dkt. no. 77).]

## II. Common Law Release Rule Does Not Apply

Defendant submits that the Settlement Agreement includes release of all claims against her as well as D. Susott under the common law release rule.  She contends that the scope of the Settlement Agreement must be construed in the context of the common law release rule, and not the Contribution Among Joint Tortfeasors Act, Haw. Rev. Stat. § 663-15.5, because no party to the Settlement Agreement obtained a judicial good faith determination pursuant to § 663-15.5(b).  In support, Defendant relies on Saranillio v. Silva, 78 Hawai`i 1, 9, 889 P.2d 685, 693

4

(1995), in which the Hawai`i Supreme Court stated: "in the absence of some superseding law, the common law release rule applies in Hawai`i." Defendant argues obtaining a judicial good faith determination is a condition precedent for the abrogation of the common law release rule under § 663-15.5(a). This Court disagrees.

In Saranillio, the supreme court explained that Haw. Rev. Stat. § 663-14 (Supp. 1992) enacted section 4 of the 1939 version of the Uniform Contribution Among Tortfeasors Act ("UCATA"), which "was designed to abrogate the common law rule that the release of one joint tortfeasor released all other tortfeasors." 78 Hawai`i at 9, 889 P.2d at 693 (citations omitted). The effect was to "remove[] a trap that has ensnared many unwary plaintiffs (and their attorneys), leaving them to suffer the harsh consequence of foregoing full recovery for their injuries." Id. at 14, 889 P.2d at 698. Subsequently, in 2001, the legislature repealed § 663-14 (Supp. 1992) and enacted § 663-15.5 to "establish[], *inter alia*, the contribution-among-joint-tortfeasors scheme promulgated by section 4 of the 1955 version of the [UCATA]." Troyer v. Adams, 102 Hawai`i 399, 414, 77 P.3d 83, 98 (2003) (footnote omitted). The supreme court explained: "Inasmuch as HRS § 663-15.5(a) appears to be modeled after section 4 of the 1955 UCATA and replaced a CATA modeled after the prior UCATA, we deem the commissioners' intent to be

5

persuasive in ascertaining the intent of the Hawai`i legislature." Id. at 426, 77 P.3d at 110. Accordingly, the legislature "intended the 'good faith' provision merely to provide [] court[s] with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor." See id. If the court determines the settlement was "collusive[, then] there is no discharge" of the settling joint tortfeasor's liability to the non-settling joint tortfeasor for contribution. See id. at 425 n.32, 77 P.3d at 109 n.32 (quoting 12 U.L.A. 264–65, comrs. com. to § 4).

In relevant part, § 663-15.5 provides:

> (a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>
> (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide[.]

§ 663-15.5(a)'s requirement that a settlement be "given in good faith" merely provides courts "an opportunity to prevent collusive settlements," it does not require that a judicial good faith determination be obtained as a condition precedent for the operation of § 663-15.5(a). See Troyer, 102 Hawai`i at 425-26 & n.32, 77 P.3d at 109-10 & n.32. The lack of any "good faith" finding does not exclude application of § 663-15.5(a). Thus, the

6

Settlement Agreement is governed by § 663-15.5(a), not the common law release rule.

The Settlement Agreement releases Defendant only if "its terms so provide." See § 663-15.5(a)(1). Its terms do not. See Settlement Agreement at ¶ 12 ("The Parties expressly and unequivocally agree that this Agreement excludes . . . the contemplated action in U.S. District Court, Hawaii, to impose a constructive trust on certain Princeville, Hawaii property.").

As Defendant fails to show entitlement to judgment as a matter of law, the Motion is denied. See Fed. R. Civ. P. 56(a) (stating that a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law").

## CONCLUSION

On the basis of the foregoing, Defendant Lauryn Galindo's Motion for Summary Judgment, filed October 11, 2017, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 9, 2018.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO; CIVIL 16-00450 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**