IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>Plaintiffs,<br><br>vs.<br><br>LAURYN GALINDO,<br><br>Defendant. | CIVIL 16-00450 LEK-KJM |

**ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On January 31, 2018, Defendant Lauryn Galindo ("Defendant") filed her Motion for Summary Judgment ("Defendant's Motion"). [Dkt. no. 80.] On April 2, 2018, Plaintiffs Evan Auld-Susott ("E. Auld-Susott"), as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott ("the Trusts"); and John L. Susott ("J. Susott" and collectively "Plaintiffs") filed their

memorandum in opposition, and Defendant filed her reply on April 19, 2018. [Dkt. nos. 85, 95.] Also on January 31, 2018, Plaintiffs filed their Motion for Partial Summary Judgment ("Plaintiffs' Motion"). [Dkt. no. 78.] Defendant filed her memorandum in opposition on April 12, 2018, and Plaintiffs filed their reply on April 19, 2018. [Dkt. nos. 92, 94.] These matters came on for hearing on May 21, 2018. On June 12, 2018, an entering order was issued ruling on Plaintiffs' Motion and Defendant's Motion (collectively "Motions"). [Dkt. no. 103.] The instant Order supersedes that ruling. Plaintiffs' Motion is hereby granted and Defendant's Motion is hereby denied for the reasons set forth below.

### BACKGROUND

Plaintiffs filed their Complaint on August 10, 2016, asserting diversity jurisdiction. [Dkt. no. 1 at ¶ 5.] Plaintiffs allege: they are creditors of non-party Daniel C. Susott ("D. Susott"); D. Susott conveyed certain real property in Princeville, Hawai`i ("Property") to Defendant for no consideration; and the purpose of the conveyance was to prevent Plaintiffs from recovering the Property to satisfy debts D. Susott owes to Plaintiffs. [Id. at ¶¶ 8, 15-18.] Plaintiffs assert three claims: fraudulent conveyance pursuant to Haw. Rev. Stat. § 651C-4(a)(1) ("Count I"); Unjust Enrichment ("Count II"); and Constructive Trust ("Count III"). In the instant Motions,

2

the parties seek partial summary judgment as to whether Plaintiffs are creditors of D. Susott, and therefore have standing to pursue their Count I claim against Defendant.

The following background facts, set forth by Plaintiffs, are deemed admitted because they are uncontroverted by Defendant's concise statement.[1] See Local Rule LR56.1(g). E. Auld-Susott is suing only in his capacity as trustee of the Trusts. The Trusts were funded by E. Auld-Susott's grandparents, non-parties Kathryn C. Susott and John L. Susott, Sr. [Pltfs.' CSOF at ¶ 2.] J. Susott, who is suing only in his individual capacity, is E. Auld-Susott's father. D. Susott is J. Susott's brother and E. Auld-Susott's uncle. [Id. at ¶ 6.] D. Susott is the income beneficiary of the Trusts, and E. Auld-Susott is the remainder beneficiary. [Id. at ¶ 7.] In August 2009, D. Susott became the trustee of the Trusts, and by November 2009, he had withdrawn almost all the trust's principal, approximately $1,000,000. [Id. at ¶ 10.] Litigation ensued.

---

[1] The numbered paragraphs in Defendant's concise statement appear to be an independent recitation of the facts contained in her memorandum in opposition to Plaintiffs' Motion, and do not respond to the corresponding numbered paragraphs in Plaintiffs' concise statement. Compare Separate and Concise Statement of Material Facts in Support of Pltfs.' Motion ("Pltfs.' CSOF"), filed 1/31/18 (dkt. no. 79) with Def.'s Separate and Concise Statement of Material Facts in Supp. of Her Mem. in Opp. ("Def.'s Responsive CSOF"), filed 4/12/18 (dkt. no. 93). This Court has only deemed admitted Plaintiffs' facts that are not controverted when considering Defendant's Responsive CSOF together as a whole.

On November 13, 2012, the Superior Court of Monterey County, California ("California state court") issued an order: removing D. Susott as trustee; appointing E. Auld-Susott as successor trustee; surcharging D. Susott $1,500,917 for breach of trust and fiduciary duties; and authorizing E. Auld-Susott, as successor trustee, to take collection actions against D. Susott ("Surcharge Order").[2]  [Id. at 13.]  In partial satisfaction of the Surcharge Order, the Trusts levied against $48,680.52 in D. Susott's brokerage account on April 4, 2013, and levied against D. Susott's interest in the Susott Family Limited Partnership ("SFLP") on March 22, 2013.  [E. Auld-Susott Decl., Exh. 2 (E. Auld-Susott's Surcharge Order satisfaction ledger).]

On April 17, 2013, E. Auld-Susott filed a Trustee Status Report with the California state court regarding D. Susott's balance owing on the Surcharge Order ("Trustee Report").  [Pltfs.' CSOF, Decl. of Peter Knapman, Esq. ("Knapman Decl."), Exh. A (Decl. of E. Auld-Susott), Exh. A1 (Trustee Report).]  The Trusts applied a thirty percent discount to the value of the SFLP units to reflect their illiquidity, based on the reasoning of the Internal Revenue Service's ("IRS") Revenue Ruling 93-12.  [Id. at 2-3.]  D. Susott received credit for the

---

[2] The Surcharge Order, issued in In re: ILIT of Susott, Case No. MP20193 ("MP20193"), is attached to Plaintiffs' CSOF as Exhibit 1 to the Declaration of Evan Auld-Susott ("E. Auld-Susott Declaration").

4

discounted value of the SFLP units, *i.e.*, seventy percent of their full value. [Id. at 3.] On May 15, 2013, also in MP20193, the California state court questioned the propriety of crediting D. Susott with only the discounted value of the SFLP units, but issued no ruling on that issue. [Def.'s Responsive CSOF, Decl. of Wayson W. S. Wong ("Wong Responsive Decl."), Exh. 11 (trans. of 5/15/13 hearing) at 2, 5.]

On April 17, 2013, in Susott v. Susott, Case No. M115348 ("M115348"), the California state court issued J. Susott a judgment against D. Susott in the amount of $1,624,125.07, which J. Susott filed in Hawai`i state court on October 24, 2015.[3] [E. Auld-Susott Decl., Exh. 3 (Exemplified Foreign Judgment ("J. Susott's Judgment")).] The document names J. Susott, and no other person or entity, as the holder of the judgment. [Id.] In M115348, according to the Summary of Case for Default Prove-up Against Defendant Daniel C. Susott, filed December 9, 2011, in California state court, D. Susott had committed financial elder abuse against his mother. [Wong Responsive Decl., Exh. 10.] The plaintiffs were J. Susott personally, J. Susott in his capacity as executor of his mother's estate, and J. Susott in his capacity as trustee of two marital trusts. [Id.]

---

[3] J. Susott filed an exemplified copy of the judgment, issued in M115348, pursuant to the Uniform Enforcement of Foreign Judgments Act, Haw. Rev. Stat. Chapter 636C.

5

On August 1, 2016, Plaintiffs, D. Susott, and other persons, not including Defendant, executed a Settlement Agreement and Mutual Release of Claims ("Settlement Agreement"), which covered both MP20193 and M115348. [Wong Responsive Decl., Exh. 5.] The other parties to the Settlement Agreement were J. Susott in his capacity as executor of his mother's estate; J. Susott in his capacity as trustee of certain trusts;[4] J. Susott in his capacity as limited partner in the SFLP; and other parties not relevant to the instant Motions. [Id. at pg. 1.] Under the Settlement Agreement, D. Susott promised to end litigation challenging the Surcharge Order and J. Susott's Judgment, and to disclaim any right to any Susott Family Trusts or Partnerships, including the Trusts and the SFLP. [Id. at ¶ 2.] E. Auld-Susott and J. Susott promised that they would not execute the Surcharge Order or J. Susott's Judgment against D. Susott's residence at 3645 Woodlawn Terrace Place. ("D. Susott's Residence") for the duration of D. Susott's natural life. Further, the Trusts promised to pay D. Susott $30,000 annually, beginning August 15, 2016. [Id. at ¶ 3.] The parties generally released each other from all other claims. [Id. at ¶ 7.] The Settlement Agreement

---

[4] J. Susott is a party to the Settlement Agreement as trustee of the following trusts: 1) The Kathryn C. Susott Living Trust under Agreement dated May 2, 1997; 2) John L. Susott Non-Exempt Marital Trust under Agreement dated May 27, 1985; 3) and as co-trustee of the John L. Susott Exempt Residuary Trust II FBO John L. Susott, Jr. [Settlement Agreement at pg. 1.]

6

excludes from the general release the then-contemplated action to recover the Property, and further provides that any such action will not seek affirmative relief or judgment against D. Susott, and that any recovery will be credited to the Surcharge Order. [Id. at ¶ 12.] In addition, D. Susott promised not to challenge Plaintiffs' liens on D. Susott's Residence, and agreed that those liens are not part of any partial satisfaction of judgment until D. Susott's Residence is foreclosed upon. [Id. at ¶ 13.]

In deposition testimony taken October 31, 2017, J. Susott stated D. Susott does not owe J. Susott, personally, any money; the money is owed to other entities. [Def.'s Concise Statement of Facts for her Motion ("Def.'s CSOF"), filed 1/31/18 (dkt. no. 81), Decl. of Wayson W. S. Wong, Exh. 2 (excerpt of trans. of 8/31/17 deposition of J. Susott ("J. Susott Depo.")) at 189.] On December 7, 2017, that testimony was corrected so that J. Susott stated: D. Susott "owes money to me as I am entitled to money from those entities."[5] [Separate and Concise Statement of Material Facts in Supp.t of Pltfs.' Opp. to Def.'s Concise Statement and Motion ("Pltfs.' Responsive CSOF"), filed 4/2/18 (dkt. no. 86), (Decl. of Peter Knapman, Esq. ("Knapman Responsive Decl."), Exh. A (Witness Correction Sheet) at 2-3).]

---

[5] The parties have not discussed or identified the unnamed entities referred to in J. Susott's deposition testimony.

7

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In determining whether there is a genuine issue of material fact, a court must view the record in the light most favorable to the non-moving parties. Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013). This district court has stated:

> Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See Celotex [Corp. v. Catrett], 477 U.S. [317,] 323 [(1986)]. A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller [v. Glenn Miller Prods., Inc.], 454 F.3d [975,] 987 [(9th Cir. 2006)].
>
> When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything." In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. Nissan Fire, 210 F.3d at 1102-03. On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish,

> beyond the pleadings, that there is a genuine issue for trial." Miller, 454 F.3d at 987. This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").
>
> On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

Rodriguez v. Gen. Dynamics Armament & Technical Prods., Inc., 696 F. Supp. 2d 1163, 1176 (D. Hawai`i 2010) (some citations omitted).

**DISCUSSION**

I. **Affirmative Defense**

Plaintiffs contend lack of standing is an affirmative defense and is therefore waived because Defendant failed to assert it in her First Amended Answer to Complaint Filed August 10, 2016, filed May 31, 2017 ("First Amended Answer").

9

[Dkt. no. 26.]  This Court disagrees.  This district court has stated:

> "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (citing Flav-O-Rich v. Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)).  Defenses that negate an element of the plaintiffs' prima facie case "are excluded from the definition of affirmative defense in Federal Rule of Civil Procedure 8(c)."  Flav-O-Rich, 846 F.2d at 1349 (citing Ford Motor Co. v. Trans. Indem. Co., 795 F.2d 538, 546 (6th Cir. 1986)).

Walker-Cook v. Integrated Health Res., LLC, Civil No. 12-00146 ACK-RLP, 2012 WL 4461159, at *2 (D. Hawai`i Aug. 10, 2012), *report and recommendation adopted*, 2012 WL 4461414 (Sept. 25, 2012).

In the instant Motions, the parties seek a ruling on whether Plaintiffs are creditors of D. Susott, and thus, have standing to pursue their Count I claim under the Hawai`i Uniform Fraudulent Transfer Act ("HUFTA"), Haw. Rev. Stat. § 651C-1, *et seq.*  Plaintiffs are only entitled to relief on their HUFTA claim if they are presently creditors of D. Susott.  See Haw. Rev. Stat. § 651C-7.  The statute defines "creditor" as "a person who has a claim against a debtor."  § 651C-1.  "'Claim' means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  Id.  Because creditor status is an element of Plaintiffs' prima

10

facie case, it is excluded from affirmative defenses under Rule 8(c). Defendant has not waived challenging Plaintiffs' creditor status. This Court therefore turns to the merits of the Motions.

## II. **Effect of the Settlement Agreement**

Defendant argues the Settlement Agreement deprived Plaintiffs of their creditor status because, under its terms, Plaintiffs gave up any right to payment from D. Susott during his natural life. See Settlement Agreement at ¶¶ 4-7. Defendant does not address Plaintiffs' right to payment from D. Susott's estate, including the right to foreclose on D. Susott's Residence. See id. at ¶¶ 12-13. The Hawai`i Intermediate Court of Appeals has stated that HUFTA has expanded the definition of "creditors" eligible to bring a fraudulent transfer claim by "'abrogat[ing] the common law distinction between pre-existing creditors and subsequent creditors.'" Schmidt v. HSC, Inc., 136 Hawai`i 158, 171, 358 P.3d 727, 740 (Ct. App. 2015) (quoting Sherry v. Ross, 846 F. Supp. 1424, 1429 n. 4 (D. Haw. 1994)). Defendant cites no authority in support of the proposition that, under HUFTA, a creditor must have a right to collect payment during the debtor's natural life. In the absence of supporting authority, this Court declines to adopt such a rule because it would impermissibly narrow the field of eligible creditors, given the legislature's intention to expand the definition of eligible

creditors. Plaintiffs' right to payment from D. Susott's estate is sufficient to establish their creditor status under HUFTA.

In addition, the Settlement Agreement does not deprive Plaintiffs of their creditor status under HUFTA because its terms expressly preserved Plaintiffs' claim, *i.e.*, a right to payment. Defendant's argument appears to conflate "claims" in this action, *i.e.*, causes of action including fraudulent conveyance, with "claims" under HUFTA. Under the Settlement Agreement, Plaintiffs give up causes of action against D. Susott, but not their right to payment from D. Susott. Defendant emphasizes that, under the Settlement Agreement, D. Susott is promised relief from further collection efforts during his natural life and as well as to receive annual payments of $30,000. These promises, however, do not destroy Plaintiffs' creditor status under HUFTA. The Settlement Agreement specifically preserves Plaintiffs' right to payment by: 1) foreclosing on D. Susott's Residence following his death; and 2) by asserting a claim to avoid D. Sussot's allegedly fraudulent transfer of the Property to Defendant. Therefore, the Settlement Agreement does not deprive Plaintiffs of their creditor status under § 651C-1. See id. at 171-72, 358 P.3d at 740-41 (discussing the broad the definition of "claim" under HUFTA); see also Hoffman v. AmericaHomekey, Inc., CIVIL ACTION NO. 3:12-CV-3806-B, 2015 WL 12698389 (N.D. Tex. July 17, 2015) (following settlement agreement in which the plaintiff

released all claims at law against the debtor and accepted a consent judgment, the unsatisfied consent judgment sufficed to establish the plaintiffs' creditor status, under the materially similar Texas Uniform Fraudulent Transfer Act, to maintain an action against an alleged fraudulent transferee).

III. **Creditor Status of J. Susott**

As to whether J. Susott is a creditor of D. Susott, Plaintiffs point to an exemplified foreign judgment stating J. Susott holds a judgment against D. Susott in the amount of $1,624,125.07. [J. Susott's Judgment at 1.] Defendant does not argue J. Susott's Judgment has been satisfied or invalidated.

Defendant points to J. Susott's statement in his deposition testimony that he, personally, is not the holder of J. Susott's Judgment. [J. Susott Depo. at 189.] First, it is the terms of J. Susott's Judgment which controls who may enforce it. Opinions or thoughts about the Judgment cannot, standing alone, vary its terms. See Hawaiian Ass'n of Seventh-Day Adventists v. Wong, 130 Hawai`i 36, 45, 305 P.3d 452, 461 (2013) (under the parol evidence rule, extrinsic evidence is inadmissible to vary the meaning of an unambiguous writing). Second, J. Susott's testimony is inadmissible under the best evidence rule. "The best evidence rule provides that the original of a 'writing, recording, or photograph' is required to prove the contents thereof." United States v. Bennett, 363 F.3d

947, 953 (9th Cir. 2004) (quoting Fed. R. Evid. 1002). "The rule's application turns on 'whether contents are sought to be proved.'" Id. (quoting Fed. R. Evid. 1002 Advisory Committee's note). "The animating purpose of the best evidence rule" includes prohibiting "oral testimony purporting to give the terms of a writing from memory [because that] is probably subject to a greater risk of error than oral testimony concerning other situations generally." United States v. Diaz-Lopez, 625 F.3d 1198, 1201 (9th Cir. 2010) (citation and internal quotation marks omitted). J. Susott's testimony is therefore inadmissible to describe the contents of J. Susott's Judgment, including which persons or entities are hold the judgment, because the writing is available. This Court therefore does not consider that testimony.[6] See Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002) (only admissible evidence may be considered in deciding a motion for summary judgment).

There being no genuine dispute of material fact, Plaintiffs are entitled to judgment as a matter of law that J. Susott is a creditor of D. Susott. See Rule 56(a).

---

[6] Even if Defendant had, hypothetically, presented evidence showing J. Susott's Judgement was only held by trusts for the benefit of J. Susott, but not J. Susott personally, such evidence is unhelpful to Defendant's position. Under Hawai`i law, a trust beneficiary holds equitable title to trust property. Coon v. City & Cty. of Honolulu, 98 Hawai`i 233, 260, 47 P.3d 348, 375 (2002). Under HUFTA, "claims" include both legal and equitable rights to payment. § 651C-1.

Defendant's Motion is denied insofar as it seeks a ruling that J. Susott is not a creditor of D. Susott.

## IV. Creditor Status of E. Auld-Susott, as Trustee of the Trusts

As to whether E. Auld-Susott is a creditor of D. Susott, Plaintiffs point to: 1) the Surcharge Order; and 2) an accounting, performed by E. Auld-Susott, as trustee of the Trusts, showing that, as of January 31, 2017, D. Susott owes $764,200.43 on the Surcharge Order. [E. Auld-Susott Decl. at ¶¶ 25-27.]

Defendant argues the Surcharge Order is fully satisfied because: 1) the thirty percent discount applied to D. Susott's SFLP units caused the SFLP units to be undervalued by $599,108.43; and 2) from 2009 to 2016, "[a]rguably, [D. Susott] could validly have claimed reasonable income from" the Trusts, which, when combined with $599,108.43 from crediting the undiscounted value of the SFLP units, would be sufficient to fully satisfy the Surcharge Order. [Mem. in Opp. to Pltfs.' Motion at 9.] In support, Defendant notes that "[o]n June 24, 2014, [D. Susott's] attorney was contending to [E. Auld-Susott's] attorney that [D. Susott] should receive $78,000 per year in income from [the Trusts.]" [Id. at 9 n.9.] The statements of D. Susott's attorney, offered for the truth of the matter asserted, are inadmissible because they are prohibited by the

15

rule against hearsay and no exception to the hearsay rule applies.  See Fed. R. Evid. 802.

Defendant's speculation that D. Susott improperly failed to receive credit for some unknown amount, but an amount at least large enough to satisfy the remaining balance on the Surcharge Order, is insufficient to create a genuine dispute of material fact as to whether the Surcharge Order has been satisfied.  See Porter, 419 F.3d at 891.  Defendant cites no evidence showing D. Susott was not credited for any income distributions from the Trusts, which he was entitled to receive, but did not receive.

Even assuming D. Susott should have been credited an additional $599,108.43 for the SFLP units, this amount is not sufficient to satisfy the $764,200.43 balance D. Susott owes on the Surcharge Order.  Under HUFTA, E. Auld-Susott would still be a creditor of D. Susott.  Therefore, this Court need not determine whether it was improper to credit D. Susott for the discounted value of the SFLP units, rather than their full value. The fact remains undisputed - E. Auld-Susott is a creditor of D. Susott.

There being no genuine dispute of material fact, Plaintiffs are entitled to judgment as a matter of law that E. Auld-Susott, as trustee of the Trusts, is a creditor of

16

D. Susott.  Defendant's Motion is denied insofar as it seeks a ruling that the Surcharge Order has been fully satisfied.

Both E. Auld-Susott, as trustee of the Trusts, and J. Susott are creditors of D. Susott under § 651C-1.  Plaintiffs therefore have standing to pursue their Count I claim against Defendant.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Partial Summary Judgment, filed January 31, 2018, is HEREBY GRANTED.  Defendant's Motion for Summary Judgment, also filed January 31, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 27, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL VS. LAURYN GALINDO; CIVIL 16-00450 LEK-KJM; ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**