IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>      Plaintiffs,<br><br>  vs.<br><br>LAURYN GALINDO,<br><br>      Defendant. | CIVIL 16-00450 LEK-RLP |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS
<u>COURT'S RULING THAT SHE MAY NOT CALL ANY WITNESSES AT TRIAL</u>**

On July 3, 2018, Defendant Lauyrn Galindo ("Defendant") filed her Motion for Reconsideration of This Court's Ruling That She May Not Call Any Witnesses at Trial ("Motion for Reconsideration"). [Dkt. no. 129.] On July 9, 2018, Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and

John L. Susott (collectively, "Plaintiffs") filed their memorandum in opposition. [Dkt. no. 134.] The Court has considered the Motion for Reconsideration as non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendant's Motion for Reconsideration is hereby granted insofar as Defendant's declaration of her own direct testimony will be permitted, and denied as to all other witnesses.

## BACKGROUND

On June 12, 2018, this Court issued an entering order stating that, in lieu of live direct testimony, the party calling a witness must file a declaration setting forth the direct testimony of that witness ("6/12/18 EO"). [Minutes, dkt. no. 104.] The 6/12/18 EO further stated: "**Declarations are due 6/26/2018.**" [Id. (emphasis in original).] Defendant failed to file any declarations on or before June 26, 2018. Thereafter, on July 1, 2018, Defendant filed the Declaration of Defendant Lauren Galindo for Trial ("Galindo Declaration"). [Dkt. no. 123.] On July 2, 2018, Defendant filed the Declaration of Emerald Starr for Trial ("Starr Declaration") and the Declaration of Harvey L. Cohen for Trial ("Cohen Declaration"). [Dkt. nos. 124 (Starr Decl.), 126 (Cohen Decl.).] Also on July 2, 2018, at the final pre-trial conference before the non-jury trial scheduled for

July 10, 2018, Defendant's counsel failed to provide any justification for the late filings of the declarations. Accordingly, because they were filed after the deadline, this Court orally ruled these declarations will not be considered. [Minutes, dkt. no. 125.] In the instant Motion for Reconsideration, Defendant argues that, even though they were late-filed, the Galindo Declaration and Starr Declaration should be considered.

## STANDARD

This Court has previously stated a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Local Rule 60.1 states, in relevant part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not

3

previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."

## DISCUSSION

The 6/12/18 EO required submission of written declarations in lieu of direct oral testimony ("Declarations Procedure"). Requiring use of the Declarations Procedure is appropriate. See Kuntz v. Sea Eagle Diving Adventures Corp., 199 F.R.D. 665, 667 (D. Hawai`i 2001) (footnote omitted) (citing In re Gergely, 110 F.3d 1448, 1452 (9th Cir. 1997) ("Requiring evidence to be presented by declaration is an accepted and encouraged technique for shortening bench trials that is consistent with Rule 611(a)(2)")).

A federal court is authorized "to issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney: fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). In addition:

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Rule 16(f)(2). The Ninth Circuit has recognized that district courts

> routinely set schedules and establish deadlines to foster the efficient treatment and resolution of

> cases.  Those efforts will be successful only if
> the deadlines are taken seriously by the parties,
> and the best way to encourage that is to enforce
> the deadlines.  Parties must understand that they
> will pay a price for failure to comply strictly
> with scheduling and other orders, and that failure
> to do so may properly support severe sanctions and
> exclusions of evidence.  The Federal Rules of
> Civil Procedure explicitly authorize the
> establishment of schedules and deadlines, in
> Rule 16(b), and the enforcement of those schedules
> by the imposition of sanctions, in Rule 16(f).

Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005).  The imposition of sanctions under Rule 16(f) is committed to the district court's discretion because it "needs the authority to manage the cases before it efficiently and effectively."  Id.  Still, "[d]eadlines must not be enforced mindlessly . . . .  Sometimes there may be good reason to [allow] additional witnesses after the established deadline."  Id. at 1060.  In Wong, the Ninth Circuit concluded the district court did not abuse its discretion in refusing to allow a late-disclosed witness to testify, even though the trial was "still some months away," because failure to comply with scheduling orders causes "[d]isruption to the schedule of the court and other parties . . . [and] is not harmless."  Id. at 1062.  Here, Defendant timely submitted her witness list, but late-filed her witnesses' declarations of direct testimony.  This late filing is especially disruptive because it comes so close to the start of trial on July 10, 2018.

Defendant argues reconsideration is appropriate because: the late filings were caused by errors of support staff while Defendant's counsel was traveling; any prejudice to Plaintiffs was mitigated because Defendant's counsel contacted Plaintiffs' counsel the day after the missed June 26, 2018, deadline; and because Plaintiffs are culpable too, insofar as their timely declarations failed to comply with the rules requiring original signatures, and their compliant declarations were filed were filed on June 27, 2018. [Mem. in Supp. of Motion for Reconsideration at 2-6.] In It is simply wrong for counsel to lay blame at the feet of his support staff. As the attorney, he is solely responsible for complying with court-ordered deadlines. His failure to take responsibility for the late-filing and to apologize to opposing counsel and the Court at the final pretrial conference is both puzzlingly and incredibly arrogant. Indeed, it led to this Court's initial ruling to exclude all three declarations. Counsel now seeks reconsideration as to two of th late-filed declarations.

Upon reflection that Defendant need not suffer for the arrogance of her counsel, this Court concludes that a just order enforcing the deadline set in the 6/12/18 EO does not require this Court to disregard the Galindo Declaration.[1]  See

---

[1] Galindo must "be available for live crossexamination." See 6/12/18 EO.

Rule 16(f). Given Defendant's failure to comply with the applicable deadlines, this Court will exclude the Starr Declaration, and in a subsequent order, will impose monetary sanctions on counsel.

Defendant argues that excluding all of her witnesses is tantamount to imposing a default against her, and is therefore an abuse of discretion. [Mem. in Supp. of Motion for Reconsideration at 8-9 (citing <u>Santos v. Farmers Ins. Exch.</u>, No. 07-11229, 2008 U.S. Dist. LEXIS 20442 (E.D. Mich. Mar. 17, 2008); <u>Blackwell v. Amchem Prod., Inc.</u>, 108 F.R.D. 287, 289 (S.D. Ga. 1985)).[2]] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

<u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir. 2011) (citation and internal quotation marks omitted). Defendant has not argued that excluding only the Starr Declaration is tantamount to imposing a default. Because the Galindo Declaration will be considered, the Motion for Reconsideration is denied as moot insofar as it argues this Court abused its

---

[2] <u>Santos</u> is also available at 2008 WL 723504.

discretion by ordering sanctions tantamount to default without considering the required factors.

Defendant cites California and Florida law and argues that "to deny a party the right to testify and present witnesses is a clear denial of due process." [Mem. in Supp. of Motion for Reconsideration at 7 (citations omitted).] To the extent Defendant argues exclusion of the Galindo Declaration violates her due process rights, the Motion for Reconsideration is denied as moot. To the extent Defendant argues exclusion of the Starr Declaration violates her due process rights, this Court disagrees. See Wong, 410 F.3d at 1062 (approving exclusion of a witness in order to enforce the court's schedules and deadlines).

Defendant has not established either a manifest error of law in excluding the Starr Declaration, or any other grounds for reconsideration. The Motion for Reconsideration is therefore denied as to the Starr Declaration.

## **CONCLUSION**

On the basis of the foregoing, Defendant Lauryn Galindo's Motion for Reconsideration of This Court's Ruling That She May Not Call Any Witnesses at Trial, filed July 3, 2018, is HEREBY GRANTED IN PART AND DENIED IN PART. Specifically, the Galindo Declaration will be considered, and Defendant must be available for cross-examination. The Starr Declaration will not be considered.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 9, 2018.



        /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO; CIVIL 16-00450 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S RULING THAT SHE MAY NOT CALL ANY WITNESSES AT TRIAL**