```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

EVAN AULD-SUSOTT, as Trustee   )   CIVIL 16-00450 LEK-RLP
for (1) IRREVOCABLE LIEF       )
INSURANCE TRUST OF JOHN L.     )
SUSOTT AND KATHRYN C. SUSOTT   )
UAD 8/17/1988 AS RESTATED,     )
EXEMPT TRUST FBO DANIEL C.     )
SUSOTT, and (2) IRREVOCABLE    )
LIFE INSURANCE TRUST OF JOHN   )
L. SUSOTT AND KATHRYN C.       )
SUSOTT UAD 8/17/1988 AS        )
RESTATED, NON-EXEMPT TRUST     )
FBO DANIEL C. SUSOTT; and      )
JOHN L. SUSOTT,                )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
LAURYN GALINDO,                )
                               )
          Defendant.           )
_____)
```

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF THIS COURT'S SUMMARY JUDGMENT ORDER FILED ON JUNE 27, 2018**

On June 27, 2018, this Court issued its Order Granting Plaintiffs' Motion for Partial Summary Judgment and Denying Defendant's Motion for Summary Judgment ("6/27/18 Order"). [Dkt. no. 122.[1]] On July 5, 2018, Defendant Lauryn Galindo ("Defendant") filed her Motion for Reconsideration of this Court's Summary Judgment Order Filed on June 27, 2018 ("Motion for Reconsideration"). [Dkt. no. 130.] On July 19, 2018, Plaintiffs Evan Auld-Susott ("E. Auld-Susott"), as Trustee for

---

[1] The 6/27/18 Order is also available at 2018 WL 3148095.

(1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott ("Trusts"); and John L. Susott ("J. Susott" and collectively "Plaintiffs") filed their memorandum in opposition, and Defendant filed her reply on August 2, 2018. [Dkt. nos. 146, 156.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Defendant's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background of this matter is set forth in the 6/27/18 Order, which ruled that Plaintiffs are both creditors of non-party Daniel C. Susott ("D. Susott") under Haw. Rev. Stat. § 651C-1, and therefore have standing to pursue their fraudulent conveyance claim under Haw. Rev. Stat. § 651C-4. 6/27/18 Order, 2018 WL 3148095, at *6. The 6/27/18 Order, *inter alia*, denied Defendant's Motion for Summary Judgment, filed January 31, 2018 ("Motion"). [Dkt. no. 80.]

**STANDARD**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . .  "Mere disagreement with a previous order is an insufficient basis for reconsideration."  Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).  Local Rule 60.1 states, in relevant part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."  "Further, 'reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision.'"  Navaja v. Honolulu Acad. of Arts, CIVIL 15-00344 LEK-RLP, 2017 WL 1158238, at *1 (D. Hawai`i Mar. 28, 2017) (quoting Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))).

**DISCUSSION**

Defendant first asserts that reconsideration of the 6/27/18 Order is warranted because the Court erred by misconstruing the Settlement Agreement: "If it had been [properly] construed, [E. Auld-Susott] would not be a creditor of Daniel Susott under the [Hawai`i Uniform Fraudulent Transfer Act ('HUFTA')]." [Mem. in Supp. of Motion for Reconsideration at 6.] Defendant's conclusory statement merely expresses disagreement with the 6/27/18 Order, and is not grounds for reconsideration.

Next, Defendant argues the 6/27/18 Order contains a "manifest error of fact in failing to consider the about $516,000 present value of the annual payments" to D. Susott. [Id. at 7.] Defendant is mistaken. The 6/27/18 Order considered Defendant's contention related to the annual payments, and concluded they "do not destroy Plaintiffs' creditor status under HUFTA." 2018 WL 3148095, at *5. Defendant's disagreement with this conclusion does not mean Defendant's argument was not considered.

Next, Defendant states: "[s]he believes that this Court made a manifest error of fact in failing to consider the actual assignment of the default judgment by John Susott to John's trust." [Mem. in Supp. of Motion for Reconsideration at 7.] Defendant is mistaken. See 6/27/18 Order, 2018 WL 3148095, at *5 & n.6 (analyzing this issue and concluding, *inter alia*, that the only evidence Defendant submitted was inadmissible). Defendant's

4

disagreement with the Court's conclusion does not mean Defendant's argument was not considered.

Next, Defendant argues this Court erred by failing to consider Hughes v. Tower Park Properties, LLC, 803 F.3d 450 (9th Cir. 2015). Defendant asserts Hughes stands for the proposition that, under California law, "a trust beneficiary has no standing to sue; only the trustee has such standing," and is relevant because "California law could be applicable in this case." [Mem. in Supp. of Motion for Reconsideration at 10.] The 6/27/18 Order addressed this issue when it explained that, because "[u]nder Hawai`i law, a trust beneficiary holds equitable title to trust property," and therefore has a claim under HUFTA. 2018 WL 3148095, at *5 n.6 (citation omitted).

Because Defendant has not established either a manifest error of law in the 6/27/18 Order, or any other grounds for reconsideration, her request for reconsideration of the 6/27/18 Order is denied.

## **CONCLUSION**

On the basis of the foregoing, Defendant Lauryn Galindo's Motion for Reconsideration of this Court's Summary Judgment Order Filed on June 27, 2018, filed July 5, 2018, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 10, 2018.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States District Judge

**EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO; CIVIL 16-00450 LEK-RLP; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S SUMMARY JUDGMENT ORDER FILED ON JUNE 27, 2018**