IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, ET AL., | ) CIVIL NO. 16-00450 LEK-RLP |
| | ) |
| Plaintiffs, | ) FINDINGS AND RECOMMENDATION TO |
| | ) GRANT PLAINTIFFS' BILL OF COSTS |
| vs. | ) |
| | ) |
| LAURYN GALINDO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' BILL OF COSTS[1]

Before the Court is Plaintiffs' Bill of Costs, filed on March 15, 2019.  See ECF No. 169.  Defendant filed her Objections to the Bill of Costs on March 18, 2019.  ECF No. 170.  Plaintiffs filed their Reply on March 22, 2019.  ECF No. 173.  Defendant then filed an Errata to her Objections, which appears to withdraw some, but not all of her Objections.  See ECF No. 174.  This matter is suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  After a review of the parties' submissions and the relevant authority, the Court FINDS AND RECOMMENDS that the Bill of Costs be GRANTED.

ANALYSIS

On March 1, 2019, the Clerk entered judgment in favor

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

of Plaintiffs based on the Findings of Fact and Conclusion of Law issued by the district court on February 28, 2019, following a bench trial.  See ECF Nos. 167, 168.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The costs that the court is authorized to tax under Rule 54(d)(1) are enumerated at 28 U.S.C. § 1920:

> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;
>
> 4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> 5. Docket fees under section 1923 of this title;
>
> 6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  In their Bill of Costs Plaintiffs request $3,300.05, which includes court filing fees, transcript costs, and copying costs.  ECF No. 169.

Defendant argues that the Bill of Costs should be

denied because it is untimely and Plaintiffs' counsel failed to meet and confer with Defendant prior to filing.  ECF No. 170.  The Court rejects Defendant's objections.  First, the Bill of Costs was filed within fourteen days after entry of judgment, which is timely.  See Local Rule 54.2(b) (providing that a Bill of Costs shall be filed and served within fourteen days after entry of judgment).  Second, Local Rule 54.2(c) requires that a Bill of Costs be supported by an affidavit that "contain[s] a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference, or that the prevailing party made a good faith effort to arrange such a conference, setting forth the reasons the conference was not held."  LR54.2(c).  The declaration submitted by Plaintiffs' counsel does not contain any representation that the parties met and conferred prior to the filing of the Bill of Costs and Plaintiffs do not address this issue in their Reply.  See ECF Nos. 169, 173.  It appears that Defendants' Objections to the Bill of Costs could have been avoided if Plaintiffs' counsel had attempted to confer with Defendant's counsel prior to filing as required by the Local Rules.  However, the Court finds that it is not appropriate to deny the Bill of Costs on this basis alone.  Although Plaintiffs failed to comply with this requirement, all of the costs requested by Plaintiffs are allowable under 28

U.S.C. § 1920 and Local Rule 54.2.  Because the costs requested are allowable under the applicable statute and were necessarily incurred in this case, the Court FINDS and RECOMMENDS that Plaintiffs' Bill of Costs be GRANTED.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court GRANT Plaintiffs' Bill of Costs for $3,300.05.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 25, 2019.



_____
Richard L. Puglisi
United States Magistrate Judge

**AULD-SUSOTT, ET AL. V. GALINDO; CIVIL NO. 16-00450 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' BILL OF COSTS**