UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EVAN AULD-SUSOTT, as Trustee for (1) IRREVOCABLE LIEF INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, EXEMPT TRUST FBO DANIEL C. SUSOTT, and (2) IRREVOCABLE LIFE INSURANCE TRUST OF JOHN L. SUSOTT AND KATHRYN C. SUSOTT UAD 8/17/1988 AS RESTATED, NON-EXEMPT TRUST FBO DANIEL C. SUSOTT; and JOHN L. SUSOTT,<br><br>        Plaintiffs,<br><br>  vs.<br><br>LAURYN GALINDO,<br><br>        Defendant. | CIVIL 16-00450 LEK-WRP |

**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT**

On July 31, 2019, Plaintiffs Evan Auld-Susott, as Trustee for (1) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Exempt Trust FBO Daniel C. Susott, and (2) Irrevocable Life Insurance Trust of John L. Susott and Kathryn C. Susott UAD 8/17/1988 as Restated, Non-Exempt Trust FBO Daniel C. Susott; and John L. Susott (collectively "Plaintiffs") filed a Motion for Relief from Judgment ("Motion"). [Dkt. no. 185.] Pursuant to an August 6, 2019 entering order, Plaintiffs filed a supplemental

memorandum in support of the Motion on August 14, 2019. [Dkt. nos. 186 (entering order), 187 (suppl. mem.).] Defendant Lauryn Galindo ("Defendant") filed her memorandum in opposition on September 3, 2019, and Plaintiffs filed their reply on September 16, 2019. [Dkt. nos. 189, 190.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiffs' Motion is hereby denied for the reasons set forth below.

## BACKGROUND

Plaintiffs filed their Complaint on August 10, 2016, alleging three claims: fraudulent conveyance ("Count I"); unjust enrichment ("Count II"); and constructive trust ("Count III"). [Dkt. no. 1 at ¶¶ 19-28.] A bench trial was held on July 10 and 11, 2018. [Dkt. nos. 140 (7/10/18 minutes), 142 (7/11/18 minutes).] The Findings of Fact and Conclusions of Law ("FOF/COL") were issued on February 28, 2019. [Dkt. no. 167.] Plaintiffs prevailed as to Count I, and Counts II and III were dismissed for lack of jurisdiction because Plaintiffs had an adequate remedy at law. [FOF/COL at 2; id. at 42, ¶¶ 44-45.] Specifically, this Court ruled that: 1) the 2010 transfer of the property at issue in this case – an apartment in Princeville, Hawai`i ("the Property") – from to Defendant to non-party

2

Daniel C. Susott ("D. Susott" and "the 2010 Transfer") was fraudulent under Haw. Rev. Stat. § 651C-4(a)(1); and 2) Plaintiffs were entitled to avoidance of the 2010 Transfer, to the extent necessary to satisfy their claims against D. Susott. [FOF/COL at 6, ¶¶ 4-6; id. at 43, ¶¶ 1-2.] Both the 2010 Transfer and the quitclaim deed executed by D. Susott on April 8, 2010 in favor of Defendant ("2010 Quitclaim Deed") were declared void.[1] [FOF/COL at 6, ¶ 6; id. at 43, ¶¶ 3-4.] Title in the Property reverted back to D. Susott. [FOF/COL at 43, ¶ 4.]

The Judgment in a Civil Case ("Judgment") was issued on March 1, 2019, and Defendant filed her Notice of Appeal on March 23, 2019. [Dkt. nos. 168, 175.] Defendant's appeal is still pending before the Ninth Circuit. Plaintiffs did not appeal the Judgment.

On March 5, 2019, D. Susott executed a Quitclaim Deed conveying the Property to Defendant ("March 2019 Quitclaim Deed"). [Motion, Decl. of Peter Knapman, Esq. ("Knapman Decl."), Exh. 1.[2]] D. Susott also executed another Quitclaim

---

[1] The 2010 Quitclaim Deed was recorded in the State of Hawai`i Bureau of Conveyances ("BOC") on April 26, 2010 as Document Number 2010-056095. [FOF/COL at 43, ¶ 3.]

[2] The March 2019 Quitclaim Deed was recorded in the BOC on March 6, 2019, as Document Number A-70040724. [Knapman Decl., Exh. 1 at i.]

3

Deed conveying the Property to Defendant on April 25, 2019 ("April 2019 Quitclaim Deed"). [Id., Exh. 2.[3]] Plaintiffs argue the 2019 Transfer was "in blatant disregard for" the rulings in this case, and the 2019 Transfer "defeat[s] plaintiffs' ability to pursue recovery of this asset." [Mem. in Supp. of Motion at 2.] Plaintiffs therefore ask this Court to issue an inclination stating that, if the Ninth Circuit remands the case to allow this Court to rule on the Motion, this Court will grant Plaintiffs' requested relief and amend the FOF/COL because of the 2019 Transfer. Plaintiffs ultimately seek the following relief: 1) reversal of the portion of the FOF/COL dismissing Count III for lack of jurisdiction; and 2) amendment of the FOF/COL to grant judgment in favor Plaintiffs and against Defendant as to Count III and to impose a constructive trust on the Property.

---

[3] The April 2019 Quitclaim Deed was recorded in the [Knapman Decl., Exh. 1 at i.] According to Defendant, D. Susott executed two Quitclaim Deeds because he was not sure whether the 2019 Quitclaim Deed would be effective, since the parties' time to appeal the Judgment had not yet expired. [Mem. in Opp. at 6 n.4.] D. Susott executed the April 2019 Quitclaim Deed "[t]o ensure that a transfer occurred at a time when D[.] Susott held title in accordance with the March 1, 2019 Judgment." [Id.] The March 2019 Quitclaim Deed and the April 2019 Quitclaim Deed will be referred to collectively as "the 2019 Quitclaim Deeds," and the 2019 transfer of the property from D. Susott to Defendant, regardless of which of the 2019 Quitclaim Deeds effectuated the transfer, will be referred to as "the 2019 Transfer."

Defendant argues: the rulings in this case did not preclude D. Susott from executing a new transfer of the Property to her; and the 2019 Transfer was supported by new consideration from her, separate from the consideration given for the 2010 Transfer. [Mem. in Opp. at 6.] Defendant provides a declaration by D. Susott, dated March 4, 2019, stating he believes the voiding of the 2010 Transfer was erroneous and exposes him to liability to Defendant for the amounts Defendant paid him in the 2010 Transfer. [Mem. in Opp., Decl. of Daniel C. Susott ("3/4/19 D. Susott Decl.") at ¶ 6.] D. Susott agrees that Defendant incurred at least $400,000 in damages as a result of the dispute regarding the validity of the 2010 Transfer. [Id. at ¶ 9.] He states Defendant's release of her claims against him for those damages was the consideration for the 2019 Transfer. [Id.] Defendant argues that, to the extent Plaintiffs assert the 2019 Transfer was an attempt to defraud D. Susott's creditors, Plaintiffs must litigate that issue in a new case, not through a Fed. R. Civ. P. 60 motion in the instant case.

## STANDARD

Plaintiffs bring the Motion pursuant to Rule 60(b)(3), (5), and (6). [Motion at 2-3.] Rule 60(b) states, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . . .
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Any motion brought pursuant to Rule 60(b) "must be made within a reasonable time," but a Rule 60(b)(3) motion must be brought "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c).

> To prevail on a motion filed pursuant to Fed. R. Civ. P. 60(b)(3), the moving party must prove by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct and that the conduct complained of prevented the losing party from fully and fairly presenting its side of the case. Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004). . . .

Lauro v. Dep't of Pub. Safety, CIV. NO. 12-00637 DKW-RT, 2019 WL 6534118, at *4 (D. Hawai`i Dec. 4, 2019). "Federal Rule of Civil Procedure 60(b)(3) requires that fraud not be discoverable by due diligence before or during the proceedings." Casey, 362

6

F.3d at 1260 (alterations, quotation marks, and citation omitted).

> Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367 (1992) provides for "a general, flexible standard for all petitions brought under the equity provision of Rule 60(b)(5)." Bellevue Manor Assoc. v. United States, 165 F.3d 1249, 1255 (9th Cir. 1999). A Rule 60(b) motion to modify a court order should be granted when there has been "a significant change either in factual conditions or in law." Rufo, 502 U.S. at 384; see Horne v. Flores, [557 U.S. 433,] 129 S. Ct. 2579, 2597 (2009).

Sakuma v. Ass'n of Condo. Owners of Tropics at Waikele, Civil No. 08-00502 HG-KSC, 2012 WL 299899, at *3 (D. Hawai`i Jan. 31, 2012), *aff'd* (9th Cir. May 15, 2012).

> Rule 60(b)(6)[ is] the "catchall provision" that applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60 . . . . See United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds*, 593 F.3d 790 (9th Cir. 2010). Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotation marks omitted).

Lauro, 2019 WL 6534118, at *4.

## **DISCUSSION**

### I. **Authority to Consider the Motion**

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." Rodriguez v. Cty. of Los Angeles, 891 F.3d 776,

7

790 (9th Cir. 2018) (citation and quotation marks omitted)).

However, Fed. R. Civ. P. 62.1 states:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Plaintiffs' Motion is timely because they filed it within one year of the entry of the Judgment, and within a reasonable time after the filing of the 2019 Quitclaim Deeds. This Court lacks authority to grant the ultimate relief sought in the Motion because of Defendant's pending appeal before the Ninth Circuit. Plaintiffs ask this Court to issue an order, pursuant to Rule 62.1(a)(3), stating this Court would grant the Motion if the Ninth Circuit remands the case. [Mem. in Supp. of Motion at 6.] If the Ninth Circuit remands the case, Plaintiffs

ask that this Court order the relief sought in the Motion. [Id. at 10.] Pursuant to Rule 62.1(a)(3), this Court has the authority to consider Plaintiffs' request for an order stating it would grant the Motion if the case is remanded from the Ninth Circuit.

## II. Rule 60(b)(3)

Plaintiffs seek relief pursuant to Rule 60(b)(3) because they allege the 2019 Transfer was an "identical fraudulent transfer" of the Property. [Mem. in Supp. of Motion at 9.] This alleged fraud is not the type of fraud that can support Rule 60(b)(3) relief. Plaintiffs could only obtain Rule 60(b)(3) relief if the alleged fraud prevented them from "fully and fairly presenting [their] side of the case." See Lauro, 2019 WL 6534118, at *4. In other words, the 2019 Transfer cannot be the basis of Rule 60(b)(3) relief to Plaintiffs because it did not affect Plaintiffs' presentation of their case at trial, and Plaintiffs could not have discovered it prior to, or during, the trial. See Casey, 362 F.3d at 1260. Thus, even if the Ninth Circuit remanded the case to allow a ruling on the Motion, this Court would not grant Plaintiffs' request for Rule 60(b)(3) relief.

## III. Rule 60(b)(5)

Plaintiffs rely on the portion of Rule 60(b)(5) that allows post-judgment relief if "applying [the judgment]

9

prospectively is no longer equitable." See Mem. in Supp. of Motion at 8. They assert the 2019 Transfer constitutes "a significant change . . . in factual conditions." See Rufo, 502 U.S. at 384; Mem. in Supp. of Motion at 8 (citing Horne, 557 U.S. at 447). In most cases, in order for a party to obtain Rule 60(b)(5) relief, the party must establish that the changed circumstances are such that continued enforcement of the Judgment would be "'detrimental to the public interest.'" See Horne, 557 U.S. at 447 (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384 (1992)).

The transfer of the Property back to Defendant is a arguably a significant change in circumstances. However, the instant case is not a form of "institutional reform litigation," where Rule 60(b)(5) relief "serves a particularly important function" because of the length of time involved and frequent federalism concerns. See Horne, 557 U.S. at 447 (citation and quotation marks omitted). The continuing effect of the Judgment would not affect the public interest. The Ninth Circuit has also recognized that Rule 60(b)(5) relief

> "may be warranted when changed factual conditions make compliance with the decree substantially more onerous. . . . Modification is also appropriate when a decree proves to be unworkable because of unforeseen obstacles . . . ." [Rufo, 502 U.S. at 384, 112 S. Ct. 748] (citations omitted). In addition, an order must be modified if compliance becomes legally impermissible. Id. at 388, 112 S. Ct. 748. Relief from a court

10

order should not be granted, however, simply because a party finds "it is no longer convenient to live with the terms" of the order. Id. at 383, 112 S. Ct. 748.

S.E.C. v. Coldicutt, 258 F.3d 939, 942 (9th Cir. 2001). The decree of the FOF/COL and the Judgment was to void the 2010 Transfer, and that has occurred. The 2019 Transfer is a separate, albeit similar, transfer. Voiding the 2010 Transfer has not become "substantially more onerous," "unworkable because of unforeseen obstacles," nor "legally impermissible." See Rufo, 502 U.S. at 384. While Plaintiffs hoped to recover the value of the Property from D. Susott in order to satisfy their claims against them, the FOF/COL and the Judgment did not specifically order D. Susott to use the Property to satisfy those claims. Plaintiffs merely "find[] it is no longer convenient to live with the terms of the" FOF/COL and the Judgment, and that is not a proper ground for Rule 60(b)(5) relief. See id. at 383. Thus, even if the Ninth Circuit remanded the case for a ruling on the merits of the Motion, this Court would not grant Plaintiffs' request for Rule 60(b)(5) relief.

**IV. Rule 60(b)(6)**

Finally, Plaintiffs seek relief under the "catchall provision." See Ybarra v. Filson, 869 F.3d 1016, 1023 (9th Cir. 2017). Like Rule 60(b)(3), Rule 60(b)(6) focuses upon

11

addressing circumstances that occurred while the proceedings were originally pending. See, e.g., Henson v. Fid. Nat'l Fin., Inc., 943 F.3d 434, 443–44 (9th Cir. 2019) ("a movant seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying the **reopening of a final judgment**" (brackets, citation, and internal quotation marks omitted) (emphasis added)); Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) ("To receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which **prevented or rendered him unable to prosecute his case**." (brackets, citation, and internal quotation marks omitted) (emphasis added)); Washington, 394 F.3d at 1157 (9th Cir. 2005) (stating Rule 60(b)(6) "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to **prevent or correct an erroneous judgment**" (emphasis added)). The Motion does not ask this Court to reopen the Judgment so that the parties can relitigate issues related to the 2010 Transfer. The 2019 Transfer does not affect the ruling that the 2010 Transfer was fraudulent or the ruling that voiding the 2010 Transfer was the appropriate remedy for that fraud. Nor did the 2019 Transfer prevent or hinder Plaintiffs from prosecuting their challenge to the 2010 Transfer. Thus, the 2019 Transfer is not a proper ground for Rule 60(b)(6) relief.

Even if Rule 60(b)(6) allows courts to grant relief based on events that occur after the entry of judgment, cf. Henson, 943 F.3d at 443 (stating Rule 60(b)(6) "gives the district court power to vacate judgments **whenever** such action is appropriate to accomplish justice" (emphasis added) (citation and quotation marks omitted)), this Court would not find that the 2019 Transfer constitutes extraordinary circumstances warranting Rule 60(b)(6) relief because Plaintiffs can challenge the 2019 Transfer in a separate action. Thus, even if the Ninth Circuit remanded the case for a ruling on the merits of the Motion, this Court would not grant Plaintiffs' request for Rule 60(b)(5) relief.

In short, while Defendant's actions are reprehensible and not condoned, this Court cannot grant Plaintiffs relief under Rule 60. A separate action for injunctive relief may possibly be a different story.

Having concluded that Plaintiffs are not entitled to relief under either Rule 60(b)(3), (5), or (6), this Court denies the Motion, pursuant to the authority granted in Rule 62.1(a)(2).

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Relief from Judgment, filed July 31, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 23, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

EVAN AULD-SUSOTT, ETC., ET AL. VS. LAURYN GALINDO; CV 16-00450 LEK-WRP; ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT